UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND MANZANILLO,

Plaintiff,

v.

JOHN MOULTON,

Defendant.

Case No. 13-cv-02174-JST (PR)

**ORDER OF SERVICE**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that defendant John Moulton ("Moulton"), a psychologist in PBSP's Security Housing Unit, violated plaintiff's constitutional rights.  According to the complaint, on August 31, 2011, Moulton "arbitrarily" diagnosed plaintiff with a mental health condition, which led to plaintiff's forced placement in the Psychiatric Unit for 35 days.  Plaintiff claims that he was not provided with procedural due process prior to being transferred.  Plaintiff further claims that the transfer was in retaliation for his having filed inmate grievances as well as a prior civil rights action.  Finally, plaintiff claims that he suffered physical harm from the chemical agents used to force extract him from his cell and that his placement with severely mentally ill prisoners for 35 days constituted cruel and unusual punishment.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Prisoners may not be retaliated against for exercising their "First Amendment right to pursue civil rights litigation in the courts."  See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995).  The right of access to the courts extends to established prison grievance procedures.  See Austin v. Williams, 367 F.3d

2

1167, 1171 (9th Cir. 2004). Liberally construed, plaintiff's allegations state a cognizable First Amendment retaliation claim against Moulton.

Plaintiff has not alleged, however, that Moulton was proximately involved in: (1) the alleged violation of his due process rights; (2) the alleged infliction of physical harm; or (3) the alleged infliction of cruel and unusual punishment. Accordingly, these claims are dismissed without prejudice. If plaintiff wishes to add defendants or to keep Moulton as a defendant on these claims, he should move to amend the complaint, identify each defendant by name, and link them to each claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, and a copy of this order upon John Moulton at Pelican Bay State Prison.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2.   In order to expedite the resolution of this case, the Court orders as follows:

a.   No later than **90 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

///

3

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendant in his motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

4

1  (The <u>Rand</u> and <u>Wyatt</u> notices above do not excuse defendant's obligation to serve said
2  notices again concurrently with motions to dismiss for failure to exhaust available administrative
3  remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

4      4.    All communications by plaintiff with the Court must be served on defendant's
5  counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard
6  any document which a party files but fails to send a copy of to his opponent.  Until a defendant's
7  counsel has been designated, plaintiff may mail a true copy of the document directly to defendant,
8  but once a defendant is represented by counsel, all documents must be mailed to counsel rather
9  than directly to that defendant.

10      5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
12  before the parties may conduct discovery.

13      6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
14  Court informed of any change of address and must comply with the Court's orders in a timely
15  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
16  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
17  pending case every time he is moved to a new facility.

18      7.    Any motion for an extension of time must be filed no later than the deadline sought
19  to be extended and must be accompanied by a showing of good cause.

20      8.    Plaintiff is cautioned that he must include the case name and case number for this
21  case on any document he submits to the Court for consideration in this case.

22  **IT IS SO ORDERED**.

23  Dated: July 11, 2013

_____
JON S. TIGAR
United States District Judge