UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MANZANILLO,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MOULTON, et al.,<br><br>Defendants. | Case No. 13-cv-02174-JST (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; SECOND ORDER OF SERVICE**<br><br>Re: Dkt. No. 9 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. On July 12, 2013, the Court found that plaintiff stated a cognizable claim for retaliation against John Moulton ("Moulton"), staff psychologist at PBSP. Plaintiff had also alleged that Moulton: (1) deprived plaintiff of due process; (2) inflicted physical harm on plaintiff; and (3) inflicted cruel and unusual punishment on plaintiff. Because plaintiff failed to allege that Moulton was proximately involved in these latter three violations, the Court dismissed said three claims without prejudice to plaintiff moving to amend the complaint to name other defendants on said claims or to amend the pleadings against Moulton on said claims.

On July 21, 2013, plaintiff filed a motion for leave to file a first amended complaint and submitted a proposed first amended complaint with the motion. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Rule 15(a) further instructs that "leave shall be freely given when justice so requires." Fed. R.

1   Civ. P. 15(a). Here, plaintiff filed his proposed first amended complaint within 21 days of the date
2   of service of his original complaint, and it appears defendants will not be prejudiced if plaintiff is
3   allowed to amend. Accordingly, plaintiff's motion for leave to file an amended complaint is
4   GRANTED.

5   The first amended complaint ("FAC") is now the operative pleading and is before the
6   Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1  the alleged violation was committed by a person acting under the color of state law.  See West v.
2  Atkins, 487 U.S. 42, 48 (1988).

3  B.      Legal Claims

4          According to the FAC, on August 31, 2011, Moulton "arbitrarily" diagnosed plaintiff with
5  a mental health condition, which led to plaintiff's forced placement in the Psychiatric Services
6  Unit ("PSU") for 35 days.  Plaintiff claims that Moulton made the diagnosis without ever
7  evaluating plaintiff and without ever providing plaintiff with notice and a hearing as required of
8  Moulton by a federal court mandate and by diagnostic procedures.  Plaintiff further claims that the
9  diagnosis and resulting PSU placement was in retaliation for plaintiff's filing of a prior civil rights
10 action and inmate grievances, including a grievance against Moulton.

11         Plaintiff also alleges that defendant J. Frisk ("Frisk") forcibly moved plaintiff to the PSU
12 through the use of a chemical agent.  Specifically, according to the FAC, following Moulton's
13 arbitrary diagnosis on August 31, 2011, Frisk approached plaintiff's cell and ordered plaintiff to
14 "pack up [his] stuff" because plaintiff was "gonna be moving to the Pyschiatric Services Unit."
15 (FAC at 11.)  Plaintiff states that he refused, which he alleges was his right.  According to the
16 FAC, Frisk then left, returned after a few minutes, and proceeded to drop two oleo capsicum vapor
17 aerosol grenades inside plaintiff's cell in order to force plaintiff to submit to handcuffs.  Plaintiff
18 alleges that the grenades caused plaintiff to feel asphyxiated and to vomit inside his cell and that
19 he had to be decontaminated from the chemicals.  Plaintiff further alleges that Moulton was
20 present when Frisk used the chemical agent and that Moulton did nothing to intervene.

21         Liberally construed, plaintiff's allegations state cognizable § 1983 claims for: (1) excessive
22 force in violation of the Eight Amendment's proscription against cruel and unusual punishment as
23 against Frisk and Moulton; and (2) retaliation in violation of the First Amendment's right of access
24 to the courts against Moulton.

25         In addition to Moulton and Frisk, plantiff names as a defendant CDCR Director Matthew
26 Cate ("Cate").  None of the allegations in the FAC link Cate to any of plaintiff's claims.  Plaintiff
27 merely states that Cate "failed to supervise his subordinates and effectively manage Pelican Bay
28 State Prison, which led to the constitutional violations to plaintiff's Eight Amendment right."

(FAC at 16-17.)

Under no circumstances is there vicarious liability under § 1983.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Because there is no vicarious liability under § 1983 and plaintiff does not include allegations showing that Cate was personally involved in the constitutional deprivations or that there is a causal connection between Cate's conduct and the constitutional violations, the claims against Cate are dismissed.  Plaintiff is granted leave to amend to add allegations to remedy the noted deficiency, if he truthfully can do so.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion for leave to file an amended complaint is GRANTED.  The Clerk shall FILE plaintiff's proposed FAC.  The Clerk is further DIRECTED to add J. Frisk as a defendant on the docket in this action.

2. The briefing schedule set forth in the Court's order dated July 12, 2013 is VACATED.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on John Moulton and J. Frisk at PBSP.  The Clerk also shall serve a copy of this order on plaintiff.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **90 days** from the date this order is filed, defendants must file

1  and serve a motion for summary judgment or other dispositive motion.  If defendants are of the
2  opinion that this case cannot be resolved by summary judgment, defendants must so inform the
3  Court prior to the date the motion is due.  A motion for summary judgment also must be
4  accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what
5  is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir.
6  2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be
7  served concurrently with motion for summary judgment).  A motion to dismiss for failure to
8  exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.
9  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

10            b.       Plaintiff's opposition to the summary judgment or other dispositive motion
11  must be filed with the Court and served upon defendants no later than **28 days** from the date the
12  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
13  provided later in this order as he prepares his opposition to any motion for summary judgment.
14  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-
15  exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

16            c.       Defendants **shall** file a reply brief no later than **14 days** after the date the
17  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
18  hearing will be held on the motion.

19       5.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the
20  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
21  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
22  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
23  any fact that would affect the result of your case, the party who asked for summary judgment is
24  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
25  makes a motion for summary judgment that is properly supported by declarations (or other sworn
26  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
27  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
28  as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and

5

documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The <u>Rand</u> and <u>Wyatt</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

6.   All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8.   Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9.   Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

1    10. Plaintiff is cautioned that he must include the case name and case number for this
2 case on any document he submits to the Court for consideration in this case.
3    This order terminates Docket No. 9.
4    **IT IS SO ORDERED.**
5 Dated: August 27, 2013



JON S. TIGAR
United States District Judge

7