UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MANZANILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MOULTON, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-02174-JST (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTIONS FOR LEAVE TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS; DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 27, 28 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, against prison officials.  Specifically, plaintiff alleges that John Moulton ("Moulton"), a staff psychologist at PBSP, "arbitrarily" diagnosed plaintiff with a mental health condition, which led to plaintiff's forced placement in the Psychiatric Services Unit ("PSU") for 35 days.  Plaintiff also alleges that defendant J. Frisk ("Frisk") forcibly moved plaintiff to the PSU through the use of a chemical agent.  Plaintiff has filed: (1) a second motion for leave to take depositions by written questions; and (2) a motion to compel discovery responses.

**1.    Motion for Leave to Take Depositions by Written Questions**

Plaintiff seeks to depose two non-parties, Dr. Regina Rushe and Dr. E. St. Germain, by way of written questions.  (Dkt. 28.)  Plaintiff asserts that doctors Rushe and Germaine were direct supervisors of Moulton and signed off on Moulton's findings designating plaintiff as an "at risk" inmate.

If plaintiff wants to conduct depositions on written questions, he needs to set up the depositions, arrange for a court reporter and pay the costs associated with the depositions.  It is not

defendants' obligation or the Court's obligation to do so.[1]

The Court earlier allowed a modified procedure for depositions by written questions against non-parties Dr. Innena Ikegbu and Dr. Christina Rich in this action.  (Dkt. 23.)  Plaintiff asserted that doctors Ikegbu and Rich personally evaluated plaintiff at PBSP and determined that he did not need to be in the PSU.  In that instance, the Court agreed to forward questions to the deponents, to be answered in writing, with the deponents verifying their written answers.  Plaintiff is reminded that such a procedure is not customary, and he has not shown good cause for a modified procedure in this instance.  Accordingly, plaintiff must comply with Rules 31 and 45 to take written depositions.

**2.     Motion to Compel**

Plaintiff has filed a motion to compel the production of documents and answers to interrogatories. (Dkt. 27.)  The motion is signed November 17, 2013.  Defendants have submitted a meet and confer letter indicating that the parties agreed to extend the deadline for defendants'

---

[1]     The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to take discovery, but it usually is not.  A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions essentially works as follows:  the prisoner sends out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur.  The defendants have time to send to the prisoner written cross-examination questions for the witness; the prisoner then has time to send to defendants written re-direct questions for the witness; and the defendants have time to send to the prisoner written re-cross-examination questions for the witness.  When all the questions – without any answers – are ready, the prisoner sends them to the deposition officer and the officer takes the deposition of the witness.  The questions are read by the deposition officer, the responses are reported by a court reporter, and a transcript is prepared as it would be for an oral deposition.  The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner-plaintiff and defendants.  To depose a non-party on written questions, that witness must be subpoenaed.

To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings.  The procedure is not much cheaper than an oral deposition, unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness.  In addition to the cost, the evidence-gathering ability in such a deposition is quite limited.  The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected.  Finally, poorly worded questions will often result in useless answers.

1  discovery responses to December 16, 2013.  (Dkt. 33-1 Ex. A.)  It therefore appears that the
2  motion to compel is premature.  Accordingly, the motion is DENIED without prejudice to re-filing
3  once plaintiff has reviewed defendants' discovery responses, or they have failed to provide any.
4  This order terminates Docket Nos. 27 and 28.
5  **IT IS SO ORDERED.**
6  Dated: December 25, 2013

_____
JON S. TIGAR
United States District Judge